**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JEFFRY DOUGLAS SELLERS, JR., *Plaintiff*, v. ST. CHARLES COUNTY JAIL, *Defendant*. | ) | No. 4:26-cv-00029-JMD |

**MEMORANDUM AND ORDER OF DISMISSAL**

Jeffry Douglas Sellers, Jr., sues the St. Charles County Jail in its official capacity for placing three people (including him) into a two-person cell. ECF 1 at 3. However, Sellers is no longer confined in the St. Charles County Jail. Instead, he is now confined in the Ste. Genevieve County Jail. ECF 5 at 1. As such, this case is moot, and the Court lacks subject-matter jurisdiction, so the Court will dismiss this case without prejudice.

Sellers's complaint is for injunctive relief only. He does not request monetary damages, stating instead that his "mental and physical health are priceless to [him]." ECF 1 at 5. Injunctive relief is appropriate for irreparable harms, that is, harms that are "non-compensable with money damages or incalculable." *See Revenue Mgmt. Sols., LLC v. Com. Bank*, 183 F.4th 618, 624 (8th Cir. 2026). However, "an inmate's claims for declaratory and injunctive relief to improve prison conditions [a]re moot when he [is] transferred to another facility and [is] no longer subject to those conditions." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). While such claims are not moot when "the disputed conditions persist at the new prison and the inmate has sued prison officials whose authority extends there," *Hamby v. Iowa*, No. 24-3548, 2026 WL 2223865, at *5 (8th Cir. Aug. 3, 2026), nothing suggests those conditions persist at the new jail, and Sellers does not sue a defendant whose authority

extends to the Ste. Genevieve County Jail. Nor does he sue an official with "statewide authority." *Id.*; *see also Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (holding that case was not moot when a transferred plaintiff had sued the Missouri Department of Corrections). Rather, Sellers's claim against the St. Charles County Jail is more like a claim against the warden of the prison at which a person is no longer confined. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that plaintiff's claims for injunctive relief against the warden of the unit at which he was no longer confined were moot). Because the Court "can no longer grant any effectual relief" to Sellers "due to a change in circumstances," his claim is moot. *Hamby*, 2026 WL 2223865, at *5 (quoting *In re Gretter Autoland, Inc.*, 864 F.3d 888, 891 (8th Cir. 2017)). Nor does this case fall within the "extraordinary and narrow exception" to mootness for claims that are capable of repetition yet evading review. *Randolph*, 170 F.3d at 856 n.7. The record does not suggest that the St. Charles County Jail transferred Sellers to moot his claim, nor does it suggest that he will be transferred back to the St. Charles County Jail. And even if the record did suggest a possibility that he would be transferred back to the St. Charles County Jail, the Eighth Circuit has doubted that "the mere possibility of a transfer" is sufficient to satisfy the exception to mootness. *Id.*

Because Sellers's claim is moot, this Court lacks subject-matter jurisdiction. *Hamby*, 2026 WL 2223865, at *5 ("A federal court lacks subject-matter jurisdiction if a claim becomes moot." (quoting *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 913 (8th Cir. 2020))). Lack of subject-matter jurisdiction, including by mootness, is an issue the Court has a duty to raise sua sponte. *Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 863 (8th Cir. 2024). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court therefore will dismiss this case.

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

Dated this 31st day of August, 2026

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI